```
          UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
            Civil No. 12-1019(DSD/AJB)
```

Jeremy Axel, Matthew Mitchell
and Keyon Cooley,

        Plaintiffs.

v.                                          **ORDER**

Officer Michael Griffin and
Officer William Gregory, in
their capacities as police
officers for the City of
Minneapolis,

        Defendants.

     This dispute arises out of a November 5, 2011, incident between plaintiffs Jeremy Axel, Matthew Mitchell and Keyon Cooley and defendants Officer Michael Griffin and Officer William Gregory, in their capacities as police officers for the City of Minneapolis.

     In their complaint, the plaintiffs each alleged claims for (1) excessive force against Griffin, (2) failure to intervene against Gregory and (3) unlawful arrest against both defendants.[1] The claims proceeded to jury trial from December 9-16, 2013. After plaintiffs rested, defendants moved for judgment as a matter of law on all claims and Axel moved for judgment as a matter of law against Griffin. The court took the motions under advisement. On December 16, 2013, the jury returned a verdict in the amount of

---

[1] At the pretrial conference, plaintiffs waived their state-law battery and false imprisonment claims.

$125,000 for Axel on his excessive force claim against Griffin. The jury found for the defendants on all remaining claims. As a result, the motions for judgment as a matter of law - except for Griffin's motion for judgment as a matter of law on Axel's claim - are now moot.

As to the remaining motion, judgment as a matter of law is appropriate only when all of the evidence, viewed in a light most favorable to the prevailing party, "points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position." Racicky v. Farmland Indus., Inc., 328 F.3d 389, 393 (8th Cir. 2003) (citation and internal quotation marks omitted). The court gives the jury's verdict substantial deference, but the jury cannot be afforded "the benefit of unreasonable inferences, or those at war with the undisputed facts." McAnally v. Gildersleeve, 16 F.3d 1493, 1500 (8th Cir. 1994) (citation and internal quotations omitted). After review, the court finds that the jury's verdict was not a product of unreasonable inferences and that the record supported the verdict. As a result, Griffin is not entitled to judgment as a matter of law. Having found that the verdict is supported by the evidence introduced at trial, the court orders that judgment be entered in favor of plaintiffs.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court adopts the verdict of the jury;

2. Judgment is in favor of Axel on the excessive force claim and against defendant Griffin in the amount of $125,000;

3. The jury found for defendant Gregory on Axel's failure to intervene claim;

4. The jury found for defendants on Axel's unlawful arrest claims;

5. The jury found for defendant Griffin on Mitchell's excessive force claim;

6. The jury found for defendant Gregory on Mitchell's failure to intervene claim;

7. The jury found for defendants on Mitchell's unlawful arrest claims;

8. The jury found for defendant Griffin on Cooley's excessive force claim;

9. The jury found for defendant Gregory on Cooley's failure to intervene claim;

10. The jury found for defendants on Cooley's unlawful arrest claims;

11. The motion by plaintiff Axel for judgment as a matter of law is denied as moot;

12. The motion by Gregory for judgment as a matter of law against Axel is denied;

13.  The remaining motions by defendants for judgment as a matter of law are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2013

                                              <u>s/David S. Doty</u>
                                              David S. Doty, Judge
                                              United States District Court