UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1019(DSD/AJB)

Jeremy Axel, Matthew Mitchell
and Keyon Cooley,

       Plaintiffs.

v.                                       **ORDER**

Officer Michael Griffin and
Officer William Gregory, in
their capacities as police
officers for the City of
Minneapolis,

       Defendants.

    Paul Applebaum, Esq., Andrew M. Irlbeck, Esq., 332 Minnesota Street, Suite W-1610, St. Paul, MN 55101; Michael T. DeCourcy, Jr., Esq. and DeCourcy Law PLLC, 971 Sibley Memorial Highway, Suite 200, St. Paul, MN 55118, counsel for plaintiffs.

    Timothy S. Skarda, Esq., Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415; Robert J. Fowler, Esq., Fowler Law Firm, LLC, 1700 Highway 36 West, Suite 550, Roseville, MN 55113; Ryan L. Kaess, Esq., Kaess Law, 106 West Water Street, St. Paul, MN 55107, counsel for defendants.

This matter is before the court upon the motion for attorneys' fees and costs by plaintiff Jeremy Axel. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

Plaintiffs Axel, Matthew Mitchell and Keyon Cooley (collectively, plaintiffs) filed the instant action in Minnesota court, each alleging excessive force, failure to intervene and unlawful arrest against defendants Michael Griffin and William Gregory (collectively, defendants). On April 24, 2012, defendants removed the action. The case proceeded to trial, and on December 16, 2013, a jury found Griffin liable to Axel on the 42 U.S.C. § 1983 excessive force claim. The jury awarded Axel $45,000 in compensatory damages and $80,000 in punitive damages. The jury found for defendants on all other counts. Thereafter, Axel moved for $226,686.00 in attorneys' fees and $11,101.23 in costs. ECF Nod. 61, 62. On February 7, 2013, the Clerk of Court taxed $1,211.45 in costs in favor of Axel. ECF No. 70. The court now considers the motion for attorneys' fees.

**DISCUSSION**

In an action under § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "To be a prevailing party, a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Gill v. Maciejewski, 546 F.3d 557, 565 (8th Cir. 2008) (citations and internal quotation marks omitted). In the present case,

Griffin does not dispute that Axel is a prevailing party. As a result, only the reasonable amount of fees, if any, is at issue.

Because of the court's extensive contact with the parties and familiarity with the issues, determination of the reasonable amount of attorney fees is "peculiarly within the ... court's discretion." Greater Kan. City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984). In assessing the reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983) (citation omitted). The court need not "examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award." Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999) (citations omitted). "The starting point in determining attorney fees is the lodestar, which is calculated by

multiplying the number of hours reasonably expended by the reasonable hourly rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation and internal quotation marks omitted).

In calculating the reasonable number of hours expended, the court excludes hours that are "excessive, redundant or otherwise unnecessary." Hensley, 461 U.S. at 434. Griffin argues that the fee award should be reduced by $68,626.00 due to time entries that he argues are insufficiently documented or are redundant, excessive or unnecessary. See Skarda Decl. Exs. 1-3. The court disagrees. Such a reduction overstates the amount of redundant and unnecessary time spent.

Nonetheless, the court finds that some of the requested attorneys' fees are for unnecessary tasks. Specifically, the court finds that the hours associated with the December 6, 2013, "focus group" to be unnecessary. See Irlbeck Aff. Ex. 3, at 12-13. In so doing, the court notes its familiarity with the requirements of trial preparation and strategy for trial lawyers. Although Axel's attorneys may have believed that such a focus group was necessary for trial preparation, the court finds that such an expense was not necessary in this relatively simple case, and is not a cost that Griffin should reasonably be expected to bear. See Denesha v. Farmers Ins. Exch., 976 F. Supp. 1276, 1291 (W.D. Mo. 1997) (disallowing attorneys' fees for mock trial session), reversed in part on other grounds, 161 F.3d 491 (8th Cir. 1998). As a result,

the court will not award attorneys' fees for the November 30, 2013, and December 6, 2013, entries related to the focus group. This determination results in a reduction of $4,356.00 in the requested attorneys' fees.

Moreover, Axel seeks attorneys' fees for the time his attorneys and their staff spent on December 12, 2013, waiting for the jury to return a verdict. See Irlbeck Aff. Ex. 3, at 14. That day, the jury began deliberations at 11:50 a.m. and ceased deliberations at 5:00 p.m. The court informed the attorneys for both parties that they need not remain in the courthouse during deliberations. Such time spent waiting is not a reasonable or necessary expense. See Jordan v. City of Cleveland, 464 F.3d 584, 602 (6th Cir. 2006) (affirming district court's reduction of fees for time spent waiting for jury verdict). As a result, a reduction of five hours for each of the three December 12, 2013, entries is warranted, resulting in a $3,850.00 reduction in the requested attorneys' fees.

Griffin next argues that a reduction in attorneys' fees is warranted based on the overall degree of success that plaintiffs attained in this action. Specifically, Griffin argues that a reduction is proper because (1) Axel succeeded on only one of his four claims and (2) the other plaintiffs were not successful on any of their claims. When, as here, "a plaintiff has achieved only partial or limited success, the product of hours reasonably

5

expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id.  Here, all of the plaintiffs' claims were interrelated and Axel succeeded on his excessive-force claim, receiving a substantial jury award. That award, however, does not negate Axel's failure on the other claims, nor does it negate the failure of the non-prevailing plaintiffs.

Axel argues that he has already discounted time spent exclusively on the claims of the other plaintiffs. Indeed, Axel excluded 8.2 hours of work that he concedes were performed solely for the non-prevailing plaintiffs' claims. Despite this reduction, it is evident that more than 8.2 hours of work went into developing (1) the claims for the non-prevailing plaintiffs and (2) Axel's unsuccessful claims. As a result, a reduction in attorneys' fees is warranted.

In reducing a request for attorneys' fees based on limited success of the claim, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment." Hensley, 461 U.S. at 436-37.  After a careful consideration of the Hensley factors, the court finds that a one-third reduction in the total attorneys'

fees sought is warranted based on the limited success of plaintiffs' claims. Therefore, the court finds that an award of fees in the amount of $145,653.33 is reasonable in this case.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for attorney fees [ECF No. 61] is granted in part;

2.   Axel is awarded $145,653.33 for his attorneys' fees, inclusive of post-trial motions.

Dated:  March 6, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
